IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DOUGLAS RAY HAMMONDS, § | |
| (BOP # 33989-077) § | |
| § | |
| VS. § | CIVIL ACTION NO.4:11-CV-578-Y |
| § | |
| § | |
| FEDERAL BUREAU OF PRISONS, § | |
| REBECCA TAMEZ, Warden, § | |
| FCI-Fort Worth § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Douglas Ray Hammonds's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Hammonds, a federal prisoner at the Bureau of Prisons ("BOP") FCI--Fort Worth facility, has filed a civil compliant entitled "Petition for Declaratory Relief." In the suit, Hammonds names as defendants the Bureau of Prisons and Rebecca Tamez, warden, FCI-Fort Worth. (Compl. Style; page 1.) By this suit, Hammonds challenges the decision of the Bureau of Prisons not to allow him to take part in an electronic messaging system known as the Trust Fund Limited Inmate Computer System ("TRULINCS")-Electronic Messaging.[1] (Compl. at 2.) Hammonds recites that he was charged with "coercion and enticement of a minor to engage in sexual activity" and acknowledges he was convicted in January 2004 of three counts and sentenced to 54

---

[1] The Trust Fund Limited Inmate Computer System ("TRULINCS") is a program deployed by the BOP to provide inmates with some limited computer access, to include the capability to send and receive electronic messages without having to access the Internet. *See* Federal Bureau of Prisons, TRULINCS FAQS, www.bop.gov/inmate_programs/trulincs_faq.jsp (last visited March 6, 2012).

months' imprisonment followed by a three-year term of supervised release. (Compl. at 1-2.) Hammonds was convicted in the Dallas division of this Court of one count of coercion and enticement, in violation of 18 U.S.C. § 2422(b); one count of transfer of obscene material to minors, in violation of 18 U.S.C. § 1470; and one count of importation or transportation of obscene matters, in violation of 18 U.S.C. § 1462.[2] He was also convicted in a separate case in this the Fort Worth division of one count of theft of mail, in violation of 18 U.S.C. § 1709.[3] Hammonds is presently incarcerated as a result of the revocation of supervised release in each of his criminal cases.[4]

Hammonds challenges the BOP's interpretation of Program Statement (P.S.) 5265.13 implementing TRULINCS and, in particular, the provision that he contends excludes inmates from electronic messaging when it is determined that their use would threaten the safety, security, or orderly running of the institution or the protection of the public and staff. (Compl. at 2.) Hammonds claims that he is entitled to review of the denial of his participation in the TRULINCS messaging system under the Administrative Procedure Act ("APA") 5 U.S.C. § 702. (Compl. at 2-3.) Citing the APA and the

---

[2] The Court takes judicial notice of the records of this Court in *United States v. Hammonds,* No.3:03-CR-120-L(1). *See* Fed. R. Evid 201(b).

[3] The Court also takes judicial notice of the records of this Court in *United States v. Hammonds,* 4:99-CR-038-L.

[4] *See United States v. Hammonds,* No. 3:03-CR-120-L and No.4:99-CR-038-L, January 20, 2010 Judgments Revoking supervised Release.

Declaratory Judgment Act, 28 U.S.C. § 2201, Hammonds seeks an order from this Court to "restrain or enjoin the BOP from denying him access to TRULINCS because no evidence was ever put forth that showed giving him access would threaten the safety, security, or orderly running of the institution or the protection of public and staff . . . ." (Compl. at 1, 6.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[5] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[6] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[7] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[8] Rather, § 1915 gives

---

[5] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[6] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[7] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[8] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

3

judges the power to "dismiss a claim based on an indisputably meritless legal theory."[9]  After review of the complaint under these standards, the Court concludes that Hammonds's claims must be dismissed.

Plaintiff Hammonds alleges the right to relief under the right-of-review provision of the APA, 5 U.S.C. § 702.[10]  The APA is not an independent grant of subject-matter jurisdiction.[11]  It merelyprovides that a person may seek judicial review for an alleged legal wrong committed by a federal agency.[12]  As such, it constitutes a waiver of sovereign immunity in actions brought under the federal-question statute, 28 U.S.C. § 1331.[13] But the APA also provides an express exception to this waiver such that courts **may not** review agency action when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by

---

[9]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[10]Hammonds does not challenge whether the BOP's Program Statement 5265.13 violates the "notice and comment" of rulemaking procedures of the APA codified at 5 U.S.C. §§ 553(b) and (c). Even if he were to do so, Program Statement 5265.13 is not the type of agency decision that requires notice and comment. *See Russell v. Whitehead,* No. DKC-09-3007, 2010 WL 2367370, at *3 (D. Md. 2010)(noting that Program Statement 5265.13 is only an interpretive internal agency explanation or guideline)(citing *Reno v. Koray,* 515 U.S. 50, 61 (1995)(noting that BOP Program Statements are not "laws' within the meaning of the statute because they do not constitute regulations promulgated in compliance with the notice and comment requirements of the Administrative Procedure Act; rather they are internal agency guidelines that are "akin to . . . interpretive rules")).

[11]*Your Home Visiting Nurse Servs., Inc., v. Shalala,* 525 U.S. 449. 457-58 (1998).

[12]5 U.S.C.A. § 702 (West 2007); *see*

[13]*Lunney v. United States,* 319 F.3d 550, 558 (2d Cir. 2003)(citing *Califano v. Sanders,* 430 U.S. 99, 107 (1977).

4

law."[14]  Under the second exception, an APA claim must be dismissed "in those rare instances where, 'statutes are drawn in such broad terms that in a given case there is no law to apply.'"[15]  Review is not available under § 701(a)(2) of the APA, "if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion."[16]

As noted above, TRULINCS procedures are set forth in the Bureau of Prisons Policy Statement 5265.13.[17]  In that provision the BOP acknowledges that its authority to implement TRULINCS is found in 18 U.S.C. § 4042(a).[18]  There, Congress provided that the BOP shall "(1) have charge of the management and regulation of all Federal penal and correctional institutions; [and] (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged or convicted of offenses against the United States . . . ."[19]  The statute addresses only the general

---

[14] 5 U.S.C.A. § 701(a)(1) and (2)(West 2007).

[15] *Ellison v. Connor,* 153 F.3d 247, 251 (5th Cir. 1998)(quoting *Citizens to preserve Overton Park, Inc., v. Volpe,* 401 U.S. 402, 410 (1971)(internal and citation ommitted); *see Lunney,* 319 F.3d at 558 (2d Cir. 2003)(quoting *Webster v. Doe,* 486 U.S. 592, 600 (1988)).

[16] *Ellison,* 153 F.3d at 251 (citing *Heckler v. Chaney,* 470 U.S. 821, 830 (1985).

[17] *See* www.bop.gov/DataSource/execute/dsPolicyLoc (last visited March 6, 2012).

[18] Program Statement 5265.13, 2, www.bop.gov/DataSource/execute/dsPolicyLoc (last visited March 6, 2012).

[19] 18 U.S.C.A. § 4042(a)(1) and (2) (West 2000).The Court observes that Hammonds's reference and citation to *Henrikson v. Guzik,* 249 F.3d 395 (5th Cir. 2001) is misplaced because that case does not analyze the applicability of the APA and it involves interpretation of the much more specific terms of § 4042(b).

responsibilities of the BOP, and thus, "[t]he absence of specific guidelines of appropriate conduct by BOP officials in administering these duties . . . leaves judgment or choice to BOP officials."[20] The total absence of specific guidelines indicates that the BOP has "broad unreviewable discretion" in fulfilling its responsibilities.[21] Therefore, the APA precludes judicial review where, as here, the BOP has broad discretion to provide suitable quarters and care for inmates, which would include the provision of electronic messaging services.[22]

Furthermore, because Hammonds is not entitled to judicial review under the APA, his invocation of the Declaratory Judgment Act, 28 U.S.C. § 2201, does not afford this Court jurisdiction.[23]

Therefore, because the Court lacks subject-mater jurisdiction over Hammonds's claims in this action, the case is DISMISSED WITH PREJUDICE to it's being refiled in-forma pauperis under 28 U.S.C.

---

[20] *Scrima v. Hasty,* 1998 WL 661478, at *3 (S.D.N.Y. 1998).

[21] *See Harrison v. Federal Bureau of Prisons,* 464 F.Supp. 2d 552, 558 (E.D. Va. 2006)(quoting *Wolfish v. Levi,* 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds, Bell v. Wolfish,* 441 U.S. 520 (1979))(citing *Crooker v. Morris,* 1996 WL 608553, at *6 (D.N.J. 1996)("[I]t is well-settled that the BOP generally has wide discretion to implement the . . . provisions in § 4042(a)")(other citations omitted)).

[22] *See Harrison,* 464 F.Supp. 2d at 558 (holding that inmate plaintiff's challenge to increased cost of telephone calls pursuant to a program statement implemented under § 4042 was precluded by the APA)(citing *Wolfish,* 573 F.2d at 125)).

[23] *See Watson v. Chief Administrative Law Judge,* 2010 WL 4033991, at *2 (5th cir. October 15, 2010)(citing *Schilling v. Rogers,* 363 U.S. 666, 677 (1960)("[T]he Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right")).

§ 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

SIGNED March 7, 2012.

                                _/s/ Terry R. Means_____
                                TERRY R. MEANS
                                UNITED STATES DISTRICT JUDGE